## The People *vs.* Taylor.

An indictment for selling lottery tickets need not set out the tickets sold.
And it is not necessary in such an indictment to give the names of the persons to whom the tickets were sold, it being alleged that their names were unknown to the jurors.

Error to Albany mayor's court, where the defendant was indicted. The substance of the charge in the first count of the indictment was, that the defendant did vend, and sell, and furnish to *divers persons unknown* to the jurors aforesaid, tickets and parts of tickets, and papers purporting to be tickets and parts of tickets, of a certain lottery for the purpose of exposing money, (the name of which said lottery, and a more particular description of which, is unknown to the jurors aforesaid;) and which lottery was not expressly authorized by law; and did then and there, in pursuance of such vending, and sale, and furnishing, deliver to the said divers persons unknown to the jurors aforesaid, ten tickets, ten half tickets, and ten quarter tickets in said lottery, against the form of the statute, &c. There were eight other counts. The defendant demurred to the whole indictment, and the court gave judgment in his favor. The people bring error.

*E. C. Litchfield,* (district attorney,) for the people.

*H. G. Wheaton,* for the defendant, insisted that the indictment was bad for not setting out the tenor of the tickets which the defendant was charged with selling and for not stating to whom they were sold.

*By the Court,* Bronson, Ch. J. The first count is framed on the 29th section of the lottery act, which extends to furnishing, as well as vending and selling tickets; and to papers and instruments *purporting* to be tickets, or parts or shares of tickets, as well as to tickets, and parts and shares of tickets. (1 *R. S.* 666.) The count shows that the lottery was made for an illegal

The People *v.* Taylor.

purpose, and a sufficient reason is assigned for not giving a more particular description of it. (*The People* v. *Taylor, ante, p.* 91.) The ticket or tickets need not be set out. In the cases to which we have been referred where it is necessary to set out the tenor of the instrument, as in indictments for forgery and counterfeiting, for libels and threatening letters, the writing constitutes the gist of the offence. But it is not so where the defendant is charged with the sale of a lottery ticket. That is more like larceny of a written instrument, where the indictment need not set forth either the tenor or purport of the writing. A general description is sufficient. And besides, a ticket need not be in the form of a written contract or engagement. It may be any sign, symbol or memorandum of the holder's interest in the lottery. (*See Commonwealth* v. *Chubb,* 5 *Randolph, Va.* 715; *Commonwealth* v. *Pollard, Thatch. Cr. Cas.* 280.) I think it would be unnecessary in any case arising under our statute to set out the ticket.

The count is good without giving the names of the persons to whom the tickets were sold—it being alleged that their names were unknown to the jurors. (*The People* v. *Adams,* 17 *Wend.* 475; *The State* v. *Munger,* 15 *Verm. Rep.* 290; *The State* v. *Stucky,* 2 *Blackf. Ind.* 289; *State* v. *Maxwell,* 5 *id.* 230; *Butler* v. *The State, id.* 280. *And see* 2 *East. C. L.* 651, 781; *Rex* v. *Walker,* 3 *Camp.* 264; *The U. S.* v. *La Coste,* 2 *Mason,* 129.) Only one offence is charged in the count, or can be proved under it. (*The People* v. *Adams,* 17 *Wend.* 478; *The State* v. *Cottle,* 15 *Maine,* 473.) As this count is good, it is not necessary to examine the others. Judgment reversed, and judgment for the people on demurrer.