## Case No. 16,229.

UNITED STATES v. SCHIMER.

[5 Biss. 195.] [1]

District Court, N. D. Illinois. Dec. Term, 1870.

INDICTMENT—PLEADING—EXCEPTION IN STATUTE—PARTICULARLY REQUIRED—SPECIFICATIONS.

1. In an indictment under the act of July 13, 1866 [14 Stat. 166], for removing malt liquors without affixing and canceling the proper stamps, it is not necessary to negative the cases where the law authorizes a removal without affixing a stamp.

2. The presumption is that the liquor is only to be removed when sold or ready for sale, and if the removal was in a case allowed by law, that fact should be set up by way of defense.

3. Where an exception in an act does not occur in the enacting clause it is not necessary to set it out or negative it in the indictment. It is matter to be set up by way of defense.

4. In an indictment for a statutory misdemeanor it is not necessary to charge the of-

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

fense with the particularity of time, place. and circumstance, required for a felony, or common law offense; and if the defendant desires greater particularity he should apply to the court for a rule for such specifications and particulars as will enable him properly to prepare for trial; the prosecution will be held strictly to their bill of particulars.

[Cited in U. S. v. Bavaud, 16 Fed. 383.]

Motion to quash an indictment under the revenue act for removing five kegs of lager beer, without affixing and canceling the stamp required by law.

J. O. Glover, U. S. Dist. Atty.

R. G. Ingersoll, for defendant.

BLODGETT, District Judge. I have examined the law bearing upon these questions which have been raised on this motion to quash, and shall be obliged under the authorities to overrule the motion. The objection taken against this indictment is that the defendant is charged with having removed five kegs of lager beer without affixing and canceling a stamp denoting the tax on said beer, and that by the internal revenue law lager beer was not subject to a tax until it was removed for the purpose of sale; that it might be removed for various purposes, such as to change the place of warehousing and various other purposes under the various provisions of the act of 1866 (Act July 13, 1866; 14 Stat. 166, §§ 53, 54), without subjecting it to a tax, and that it is therefore the duty of the pleader to negative in his indictment any and all of these innocent removals which a party might perform without subjecting his beer to a stamp duty; that is to say, according to the position taken by the defendant's counsel it was the duty of the pleader on the part of the government to negative all cases where the law authorized a removal without the affixing and cancellation of a stamp.

The case comes within the general rule which is laid down in Wharton (Whart. Cr. Law, § 292), and I think it fully answers the argument of the defendant. The clauses quoted and relied upon by the counsel are all of them in different sections from that which prescribes these penalties, and furnish exceptions to the general rule. The act taken together— the act of 1866, and all the acts amendatory of it—provides that beer is not to be removed from the place of manufacture until it is stamped; the presumption is, it is only to be removed when in condition for sale, and when it is sold. The removal is not to take place, under the general scope of the act, until the kegs are properly stamped and the stamps canceled. All the cases where removal can take place without the cancellation of the stamps are exceptional to the general principle of the act, and therefore the case comes within the principle laid down in Wharton: "It is not necessary to charge in the indictment anything more than is requisite to make out the offense." In other words, it is sufficient as a general rule to charge an offense in the language of the statute. That is a fundamental law of pleading.

The principle is understood by all members of the bar that where the exception does not occur in the enacting clause it is not necessary to set it out in the indictment, but where it occurs elsewhere than in the enacting clause, the exception may come in by way of defense, and it is not necessary for the pleader to set it out. The application of this principle disposes of this objection to the indictment.

The next objection made to the indictment is that it is too general. The language is that defendant on a certain time "did carry on the business of a brewer, and did then and there remove from his brewery a large number, to wit, five kegs of lager beer, and did then and there neglect to affix and cancel on said kegs the stamps required by law." The objection taken to this averment is that it is too general, that it does not point out to the defendant with sufficient particularity the specific offense with which he is charged, that is, the time, place and circumstances under which he committed the offense, so as to enable him to prepare for a trial. If this were an indictment for a felony, or was even a common law indictment, I think the objection would hold good, but coming under a class of offenses known as purely statutory, and a misdemeanor, where the pleading is much more loose, the rule has grown up, especially in the English courts under their revenue law, of requiring with these specific charges a bill of particulars whenever the defendant made it appear to the satisfaction of the court that it was necessary for the purpose of trial that he should have such specifications, pointing out the character of the offense so as to enable him to prepare himself properly for trial.

I shall therefore overrule this motion to quash the indictment, with the statement, however, that in all cases where the charge is general, like this, if the defendant asks for a bill of particulars, or that the prosecutor shall file in the case a detailed statement of the time and place of the occurrence described, I shall make a rule to that effect, in order that no excuse of want of certainty may delay the trial of the cause. The prosecution will then be held strictly within its bill of particulars and specifications.

Motion to quash overruled.

NOTE. The same rule above laid down by Judge Blodgett, was applied by Judge Drummond to a case of information for a forfeiture, where he held that it was not necessary for the information to allege that the case was not within a proviso in the statute; that it was for the defense to set up anything coming within the proviso. The Mary Merritt [Case No. 9,222]. Consult, also, U. S. v. One Distillery [Id. 15,929], and notes thereto; U. S. v. Cook, 17 Wall. [84 U. S.] 173; The Merritt, Id. 582.