## EMP FOX v. THE STATE.

1. ADULTERY. — Indictments for adultery need not aver guilty knowledge, nor is it incumbent on the state to adduce evidence of such knowledge.

2. SAME. — The offense of adultery is not condoned by the subsequent inter-marriage of the guilty parties.

APPEAL from the County Court of Parker. Tried below before the Hon. B. L. RICHEY, County Judge.

The appellant, a single man, and Lovis Rutter, a married woman, were jointly indicted for living together in adultery. The appellant had a separate trial, from the result of which he appeals.

The principal witness for the state was the father of the lady. He testified that, in the early part of the year 1876, his daughter and the appellant lived together as husband and wife at witness' house in Parker County; that for three or four weeks they occupied the same bed, which was situated in a room also occupied by witness; that some two years previous to that time Lovis had been married to Charles Rutter, who, after a year or so, sent witness word to come and take his daughter home, and since then she had made witness' house her home; that Charles Rutter and Lovis had not been divorced in the early part of 1876, when the latter and appellant were cohabiting as husband and wife at witness' house; that the appellant and Lovis "were said to have been married." Since the spring of 1876, Charles Rutter and Lovis had been divorced, on the petition of the former.

On cross-examination the witness stated that Lovis, at the time he had been speaking of, "was known in the neighborhood as the widow Rutter."

N. B. Huffman, for the state, identified himself as the minister of the gospel who first married Lovis to Charles Rutter, and afterwards, in February, 1876, officiated at the

marriage of Lovis and Fox, the appellant; witness being ·ignorant, at this latter date, whether Charles Rutter was then living or dead.

W. K. Baylor, county clerk, produced the record of marriage licenses, and disclosed from it a license issued February 19, 1876, for the marriage of Emp Fox and Lovis Rutter, which was returned executed by Parson Huffman, February 20, 1876. Witness found no subsequent license to these parties.

In the opinion of this court will be found the appellant's bill of exceptions to the exclusion of evidence to prove that he and Lovis had been legally married to each other since the divorce of Charles Rutter and Lovis.

The jury found the appellant guilty, and assessed against him a fine of $100.

*Shannon & Moran*, for the appellant. Article 2022, Paschal's Digest, under which the indictment was drawn, provides that " every man and woman who shall live together in adultery or fornication shall be punished by fine not less than one hundred nor more than one thousand dollars." Article 2023 provides that it is sufficient to prove, upon trials for adultery, that the parties cohabit together, and that one of them is married to some other person. The following article (2024) was also relied upon by the state: "And when two persons live together in a state of cohabitation, one of them being married, they are both guilty of adultery."

We submit that the case, as made out by the facts, does not fall within the purview of this statute, and that the evidence adduced is not sufficient to convict the appellant of adultery. We cannot conceive that even the spirit of the statute contemplates the class of cases in which this one falls.

Now, it is made sufficient by the statute above, to convict

both parties, that either one of them be married to some other person.   This, when applied in the light that we view it, is eminently proper and just, since every person knows that by a life of open adultery and lewdness he offends the sanctity of the marriage bed, and common morals and common decency, as well as the law of the land ;   and hence it is proper to charge him with the knowledge of the living husband or wife.   But, to extend the compass of this statute to a case such as this, and make it a misdemeanor for a man to marry a woman because *she may have* done wrong, is certainly, to use a slang phrase, stretching the blanket further than the spirit or letter of our Constitution will license, or the sanction of precedent will uphold.

Our Constitution inhibits conviction for any offense not expressly prescribed by statute.   This putative marriage, while the barrier prevented its taking effect pending the impediment, was not adultery in a civil sense even.   The 18th Texas Reports, in *Lee* v. *Smith*, decides that, under the civil law of Mexico, upon which our marital laws have been superstructed, the second marriage, the first consort still living, was not null and void so far as the children and innocent parties are concerned.   That a crime will be imputed to the offending party we grant, and the law provides for their castigation, making the offense a felony ; but the case above cited holds that all the rights and incidents of a legal marriage will continue so long as the innocent party remains ignorant of the true state of affairs.

The court below charged the jury " that if they found from the evidence that Lovis Rutter was a legally-married woman *at the date of the offense charged*, and that her husband had not abandoned her for the term of five years, and she, not being divorced, had cohabited with the defendant, Fox, then they are guilty of adultery, and you will so find."

This charge, when applied to the facts, we do not believe to be the law.   We would as well admit the proposition

that the appellant, Fox, is *particeps criminis* in the case of bigamy now pending against his co-defendant.

The state, we repeat, did not attempt to bring home to appellant any knowledge of the true state of affairs as respects the former marriage. Appellant, as shown by the facts, became acquainted with the woman about a year prior to the marriage, as the *widow Rutter*, and married her as the *widow Rutter*.

Now, as to the ruling of the court in overruling the evidence of a subsequent marriage : this merely tended to show the good intentions of appellant, in the absence of any evidence of any knowledge of the true state of affairs. We do not believe that a man can commit a sin, morally or otherwise, without knowing it. The prime ingredient of all crime is the *animo furandi*, without which there is no violation of law.

Admit the charge of the court to be good law, and the verdict to be an exponent of the law of Texas, and it necessitates the procuring of certificates by all widows who aspire to matrimony that their former husband is dead " *de facto et de jure.*"

We invite the attention of the court to the facts, which are few, candidly believing that the evidence did not warrant the conviction, and confidently praying that the case be reversed and dismissed ; since, by marrying the woman, *he* has evinced an intention diametrically opposed to adultery, and, by remarrying her after the impediment was removed, has confirmed his pure motives.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.  The indictment charges " that on, to wit, the first day of March in the year of our Lord eighteen hundred and seventy-six, in the county of Parker, state of

Texas, and on divers times before and after said date, one Lovis Rutter, who was then and there a married woman (that is to say, she was then and there the wife of Charles Rutter), and Emp Fox, who was then and there a man, did unlawfully live together in a state of cohabitation, and did unlawfully live together in adultery, and did unlawfully there and then commit the crime of adultery, and that they did then and there, on divers times, unlawfully and carnally know each other, and did then and there, and for a long time before and after said date, live together and cohabit together," etc.

In this case the appellant, Fox, was tried alone and convicted, and his punishment assessed at a fine of $100 ; and, after motion for new trial overruled, this appeal is taken.

Two propositions are urged in the brief of the appellant as reasons why the judgment should be reversed, and which may be stated thus :

First, that, to justify a conviction of this appellant, the proof should show that he knew, at the time the offense is alleged to have been committed, that the person with whom the adultery is alleged was a married woman ; and, secondly, that, by a marriage with the other person, after the commission of the offense, he became entitled to an acquittal.

And, in connection with this latter view of the case, we find in the record a bill of exceptions, as follows : " The defendant offered to introduce evidence of a valid marriage, subsequent to the decree of divorce between Rutter and this defendant and the void marriage of the 20th of February, and subsequent to the presentment of the indictment herein, by and between the same parties ; offering to prove the same by the witness F. M. Stanley and by the county clerk of said county, and return of license on file in said clerk's office, which evidence was ruled out by the court, and not permitted to go to the jury ; to which ruling the defendant's counsel reserved their bill of exceptions."

With reference to the first proposition, the statute provides "that every man and woman who shall live together in adultery * * * shall be punished," etc. ; and "it is sufficient to prove, in trials for living in adultery, that the parties cohabit together, and that one of them is married to some other person." Penal Code, arts. 392, 393 (Pasc. Dig., arts. 2022, 2023).

It is the *act* of living together, and not the knowledge or intent, that constitutes the offense. When the statement of the act itself necessarily includes a knowledge of the illegality of the act, no averment of knowledge or bad intent is necessary. It is otherwise when guilty knowledge is a substantive ingredient of the offense. It has been held unnecessary in an indictment for adultery to allege a *scienter*. Under statutes the distinction has been taken that, when the guilty knowledge is part of the definition of the offense, it must be averred; but not otherwise. Whart. Cr. Law, sec. 297, and notes.

We hold, therefore, that in an indictment for living in adultery it is sufficient to allege the fact, and not necessary to charge a guilty knowledge upon the parties ; and, it not being necessary to aver such knowledge, it would be unnecessary to prove it ; and in this case it is no objection to the conviction that it was not proved on the trial that this party knew at the time that the other party was the wife of another man. Besides, we think the circumstances proved on the trial that this party had knowledge of the fact, or at least had the means of informing himself at hand, if he deemed it a matter of any consequence to him.

The other proposition, that by procuring a divorce for the married party from her legal consort, and subsequent marriage, would constitute a defense to the charge, refutes itself. It not only admits the case, but fails to afford any excuse therefor. The most it could have done was to show contrition, and a disposition to make amends to the violated law,

in mitigation of the penalty, if this were permissible; but it was no defense.   In law the married woman remained the wife of her husband up to the time the matrimonial tie was severed by the decree of separation, if such was the case.

These views have been presented because of the earnestness with which these subjects have been urged by the appellant's counsel.   We might have excused ourselves from doing more than to note the fact that there is no assignment of error in the record, the case being a misdemeanor.

The charge in the indictment is supported by the evidence, and the judgment is affirmed.

*Affirmed.*