### WILSON et al. v. UNITED STATES.*

(Circuit Court of Appeals, Second Circuit. June 23, 1921.)

No. 251.

1. **Indictment and information** ⬅121(2)—**Federal court has power to order bill of particulars.**

A federal court has power to require a bill of particulars to be furnished where the charges of an indictment are so general that they do not sufficiently advise the accused of the specific acts with which he is charged.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 256 U. S. ——, 42 Sup. Ct. 57, 66 L. Ed. ——.

**2. Indictment and information** ⊚⟿202 (5)—**Imperfect statement in indictment cured by verdict.**

Where an averment in an indictment has been imperfectly stated, the defect is cured by the verdict if it appears to the court that unless the averment were true the verdict could not be sustained.

**3. Post office** ⊚⟿48 (4)—**Indictment for using mails to defraud need not set out contents of letters mailed.**

In an indictment under Criminal Code, § 215 (Comp. St. § 10385), for using the mails in carrying out a scheme to defraud, it is not necessary to set out the contents of letters 'alleged to have been mailed.

**4. Post office** ⊚⟿48 (4)—**Indictment for using mails to defraud sufficient.**

An indictment charging that defendants devised a scheme to defraud by inducing persons to purchase stock of a corporation well knowing that it was not worth the price charged for it, to be carried out by the use of the mails, *held* not insufficient because it did not set out the value of such stock nor the price at which it was sold or intended to be sold by defendants.

**5. Conspiracy** ⊚⟿27—**Indictment held sufficient.**

An indictment under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to devise a scheme to defraud by the use of the mails, *held* not insufficient because the overt acts charged were committed after the scheme had been devised; the conspiracy being a continuing one until the scheme was executed.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Nichols Field Wilson and others. Judgment of conviction, and defendants bring error. Affirmed.

This cause comes here on writ of error to the United States District Court for the Southern District of New York. 'The plaintiffs in error are hereinafter referred to as defendants.

The defendants and 14 others were indicted on June 1, 1917. The indictment contained 13 counts. It charged that the defendants had unlawfully, knowingly, and willfully devised and intended to devise a scheme and artifice to defraud, and that for the purpose of executing the said scheme and artifice so devised they placed and caused to be placed in a post office of the United States in the New York City post office, to be sent and delivered by the post office establishment of the United States certain writings, inclosed in postpaid envelopes, addressed to designated persons, against the peace of the United States and their dignity, and contrary to the form of the statute of the United States in such case made and provided.

The trial began on May 22, 1918. At that time the court severed the indictment as to four of the defendants named therein. On June 26th a verdict of not guilty was directed as to three of the others. The trial was concluded on June 29th, the jury returning a verdict of not guilty as to four others. The defendants Wilson, Matches, and C. R. Berry & Co. were found guilty on all the counts. The defendant Loomis was found guilty on all the counts but the eighth. Other defendants who were found guilty have not joined in the writ of error.

The defendant Wilson was sentenced to a term of imprisonment of five years on each of certain counts, the sentences to run concurrently, and to two years on certain other counts, the term to begin at the termination of the term of five years.

The defendant Loomis was sentenced to a term of one year and one day on each of the counts, the sentences to run concurrently.

The defendant Matches was sentenced to a term of three years on each of the separate counts, except on count 13, on which he was sentenced to two years, the sentences running concurrently.

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant C. R. Berry & Co., Inc., was sentenced to pay a fine of $1,000 on each count, the total fine amounting to $13,000.

The sentences of imprisonment were to be executed in each case at the United States penitentiary at Atlanta, Ga.

Stanley C. Fowler and Grant Hoerner, both of New York City, for plaintiffs in error Wilson and C. R. Berry & Co.

John M. Coleman, of New York City, for plaintiffs in error Matches and Loomis.

Francis G. Caffey, U. S. Atty., of New York City (John E. Joyce, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). The defendants have been convicted of using the United States mails in a scheme to defraud and of conspiring so to do.

There is no bill of exceptions in the record. An application was made to this court on March 9, 1921, for permission to file one. But the application had to be denied. A bill of exceptions must be tendered, signed, and filed within the time prescribed for making, tendering, and filing such bill or within that time the trial court must have extended the time, and the bill must then have been made and filed within the time so extended. Whether a bill might be signed after the time had expired if, prior to the expiration of the allotted time, the parties had consented thereto, was not argued or decided. But it was clearly not within the powers of this court to extend the time for filing a bill of exceptions.

A party alleging error as a ground for reversing a judgment of a lower court must show the errors complained of clearly and affirmatively by the record, and, as the record before us contains only the indictment, the verdict, and the judgment, it is not open to the defendants to raise in this case any questions concerning the improper admission or exclusion of evidence or erroneous instructions to the jury, or refusals to charge as requested, and they have not attempted to do so. The sole question which the case presents is that of the sufficiency of the indictment.

The indictment is an unusual one because of its length. It occupies no less than 85 printed pages of the record, and it contains 13 counts. The first 12 counts charge a violation of section 215 of the United States Criminal Code (Comp. St. § 10385). The material portions of that section are to be found in the margin.[1] The thirteenth count

---

[1] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * shall, for the purpose of executing such scheme or artifice or attempting so to do, place or cause to be placed, any letter. postal card, package. writing, circular, pamphlet, or advertisement, whether addressed to any person residing within or outside the United States, in any post office, or station thereof, or street or other letter box of the United States, or authorized depository for mail matter, to be sent or delivered by the post office establishment of the United states * * * shall be fined * * * or imprisoned * * * or both."

charges a violation of section 37 (Comp. St. § 10201), and the material portions of that section are also in the margin.[2]

The unlawful scheme to defraud which it is charged the defendants devised was that of inducing divers persons to purchase the stock of the Emerson Motors Company, Inc., and to part with their money in the purchase of the shares of the capital stock of the said company, well known that such stock was not worth the price which it was their intention and purpose to induce the victims to pay for it. This, it is alleged, they sought to accomplish by means of false and fraudulent pretenses, representations, and promises which are at great length particularly set forth and described. Numerous false representations, and pretenses of the defendants and allegations of their dishonest acts and purposes are set forth in detail. Every act, purpose, intention, representation, and pretense constituting the scheme to defraud is described.

Devising a scheme to defraud and using the mails to execute it brings those engaged in the scheme within the provisions of section 215 of the Criminal Code. United States v. Young, 232 U. S. 155, 161, 34 Sup. Ct. 303, 58 L. Ed. 548.

It is undoubtedly a fundamental principle in the law of criminal procedure that one accused of crime must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him. This is necessary not only that he may prepare his defense, but also that he may be able to plead the judgment as a bar to any future prosecution for the same offense. United States v. Simmons, 96 U. S. 360, 24 L. Ed. 819. The indictment should contain such a specification of acts and descriptive circumstances as will on its face determine the identity of the offense. The true test of its sufficiency is not whether it might possibly have been made more certain. It is simply whether the indictment sufficiently informed the defendant of what he must be prepared to meet, and, in case other proceedings should be taken against him for a like offense, whether the record shows with accuracy the extent to which a former acquittal or conviction might be pleaded. Peters v. United States, 94 Fed. 127, 36 C. C. A. 105. Tested by that standard, there is no reason for doubting the sufficiency of the indictment.

[1] The indictment is drawn in the form in which such indictments are usually drawn, and it does not appear to be lacking in that degree of reasonable certainty which is required in such cases. But, if the defendants thought that it failed to apprise them of the nature of the accusation against them with that degree of certainty to which they thought themselves entitled, they had a right to ask for a bill of particulars. The right to such a bill may be confined to civil cases, in a few states. See People v. Alviso, 55 Cal. 230; State v. Quinn, 40 Mo. App. 627; State v. Williams, 14 Tex. 98. But it is not so re-

---

[2] "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be fined not more than $10,000, or imprisoned not more than two years, or both."

stricted in the federal courts, and, when the charges of an indictment are so general that they do not sufficiently advise the accused of the specific acts with which he is charged, the trial court has power to order a bill of particulars to be furnished. Kirby v. United States, 174 U. S. 47, 64, 19 Sup. Ct. 574, 43 L. Ed. 809; Rosen v. United States, 161 U. S. 29, 35, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Coffin v. United States, 156 U. S. 432, 452, 15 Sup. Ct. 394, 39 L. Ed. 481; United States v. Brooks (D. C.) 44 Fed. 749; United States v. Bennett, 24 Fed. Cas. p. 1093, No. 14,571, 16 Blatchf. 338. It has been held that, while such a bill cannot supply the omission of an essential averment in the indictment, it may remove an objection upon the ground of uncertainty. United States v. Bayaud, 16 Fed. 376, 21 Blatchf. 287.

[2] In this case the defendants went to trial without making any objection to the indictment. There was no motion to quash, no demurrer, no application for a bill of particulars. As they went to trial without any objection, now that they have been convicted they cannot come into this court to raise objections which must have been met at the trial. If the defects existed. and we do not think they did, they are defects which under the rule were cured by verdict. It is the rule in criminal, as it is in civil cases, that where an averment necessary to support a particular part of an indictment has been imperfectly stated, the defect is cured by the verdict if it appears to the court that unless the averment were true the verdict could not be sustained. Heymann v. Reg., L. R. 8 Q. B. 102, 12 Cox, C. C. 383; Reg. v. Stroulger, 17 Q. B. Div. 327, 16 Cox, C. C. 85; State v. Ryan, 68 Conn. 512, 37 Atl. 377; State v. Freeman, 63 Vt. 496, 22 Atl. 621. The matters said to be indefinitely set forth could not have been proved as alleged unless the government produced all the evidence necessary to support the most careful pleadings.

[3] It is said, however, that the first 12 counts of the indictment are insufficient because they do not describe or set forth the contents of "a certain writing" which in each of said counts is alleged as having been mailed for the purpose of carrying out the alleged fraudulent scheme. The allegation in the first count is in form as follows:

"The said defendants, and each of them, knowingly, willfully, and feloniously, for the purpose of executing said scheme and artifice so devised and intended to be devised by the defendants, and each of them, and attempting so to do, did place and cause to be placed in a post office of the United States to wit, in the New York City post office. to be sent and delivered by the post office establishment of the United States. a certain writing, inclosed in a postpaid envelope, addressed to Mr. T. C. Larsen, Marion Ave., Harrison, N. Y., against the peace of the United States and their dignity, and contrary to the form of the statute of the United States in such case made and provided."

The allegation in the other counts is the same except that in certain of the counts the writing is alleged to have been placed in the post office in the Pennsylvania Terminal Station, Hudson Terminal Station, Wall Street Station, Station P, all New York City post offices, and in other counts it is said to have been placed in the post office at the city of Kingston. The name of the addressee is given in each of the 12 counts, but the person addressed is not always the same.

The claim that the counts are insufficient because they do not "describe or set forth" the contents of the writing is based upon the following statement in the opinion of the Supreme Court in Bartell v. United States, 227 U. S. 427, 431, 33 Sup. Ct. 383, 57 L. Ed. 583:

> "While it is true that ordinarily a document or writing essential to the charge of crime must be sufficiently described to make known its contents or the substance thereof, there is a well-recognized exception in the pleading of printed or written matter which is alleged to be too obscene or indecent to be spread upon the records of the court. It is well settled that such matter may be identified by a reference sufficient to advise the accused of the letter or document intended without setting forth its contents."

And reliance is also placed upon United States v. Noelke, 1 Fed. 426, 432. In that case the Circuit Court of the Southern District of New York held that a circular alleged to have been mailed in violation of the statute should have been set forth in hæc verba, and that the omission to do so was not cured by verdict. The court said:

> "This objection appears to have been regarded as one of substance, and not of form merely, and therefore it is not aided by verdict at common law. Bradlaugh v. The Queen, L. R. 3 Q. B. D. 618. And for the same reason we think it is not cured by the statute above referred to. Rev. St. § 1025."

As respects the statement made by the court in Bartell v. United States, supra, and heretofore quoted, it was made in reference to the crime of depositing obscene matter in a post office of the United States, and it involved the construction of section 3893, Rev. Stat. (Comp. St. § 10381). The subject was very elaborately considered in United States v. Bennett, Fed. Cas. No. 14,571, 16 Blatchf. 338, in the Circuit Court for the Southern District of New York, and all the English and American cases were examined by Judge Blatchford, and his opinion was concurred in by Judges Benedict and Choate. It was held to be unnecessary under that statute to set forth the writing in hæc verba provided the indictment stated that the writing was so indecent that it would be improper to place it on the court's records. The case is the leading case, and the law on the subject does not seem doubtful.

So it has been held important that the written instrument should be set out in full in an indictment where the words of the document are essential ingredients of the offense, as in forgery, passing counterfeit money, sending threatening letters, and libel. See Wharton's Criminal Procedure (10th Ed.) vol. 1, par. 213. But it has been held not to be necessary in prosecutions for selling a lottery ticket that the ticket should be set forth verbatim. People v. Taylor, 3 Denio, 99; Freleigh v. The State, 8 Mo. 613. And a like ruling has been made as to an indictment for the crime of removing a stamp from a cask of distilled liquors. United States v. Bayaud, 21 Blatchf. 287.

It does not follow that, because in certain classes of crimes the contents of a writing which are connected with the crime are required to be set out in hæc verba, therefore in prosecutions under section 215 of the Criminal Code for using the mails to defraud a similar course must be pursued. In Wharton's Criminal Procedure (10th Ed.) vol. 1, p. 643, it is said:

"Using mails to defraud being charged, the exact scheme agreed upon to defraud or obtain money by false representations must be set out, and it must be alleged that a letter or postal card was deposited in the mail in furtherance of and for the purpose of executing such scheme."

The indictment under discussion was within the rule above laid down.

In Ex parte King (D. C.) 200 Fed. 622, 628, the District Judge, speaking of section 215, says that—

"It is only necessary that the scheme to defraud should be devised, or intended to be devised, and a letter placed in the post office 'for the purpose of executing such scheme or artifice or attempting so to do.'"

In United States v. Wupperman (D. C.) 215 Fed. 135, District Judge Ray, in overruling a demurrer to an indictment which charged the use of the mails to execute a scheme to defraud in violation of section 215 of the Criminal Code, held that the letter—

"should be set out if possible, or sufficiently identified and described; but it is not necessary to go to the extent of alleging just how the letter or package deposited in the mail would or was intended to aid in executing the scheme or artifice."

In Hume v. United States, 118 Fed. 689, 695, 55 C. C. A. 407, which was a case of one indicted for using the mails in furtherance of a scheme to defraud, the Circuit Court of Appeals for the Fifth Circuit declared that, while it would have been better pleading to have given the contents of the letters, the omission to do so did not constitute a fatal defect, and judgment of conviction was affirmed.

In Durland v. United States, 161 U. S. 306, 16 Sup. Ct. 508, 40 L. Ed. 709, the defendant had been convicted under an indictment which charged him with using the mails to defraud. The indictment stated that the names and addresses of those to whom the letters were mailed were to the grand jury unknown, and the contents of the letter were not set forth. It was claimed on writ of error that the indictment should have recited the letters, or at least by direct statements shown their purpose and character, and that the names and addresses of the parties to whom the letters were sent should have been stated. The court held the indictment sufficient and affirmed the conviction. It was said that if defendant had desired further specification and identification he could have secured it by demanding a bill of particulars.

The theory advanced on behalf of the defendants in this case seems to proceed on the assumption that their guilt or innocence depends upon the contents of the letter deposited in the mail under section 215. We do not so read the statute. There is no analogy between a crime of this class and that of forgery, or libel, or the sending of a threatening letter. It is the depositing of a letter in the mails with an intent to defraud that constitutes the offense. It is not necessary that the letter should set forth the fraudulent scheme or contain any false statements. We therefore think it quite unnecessary that its contents should be stated in hæc verba. But if we are mistaken in this conclusion the defendants have raised the question too late; the defect being cured by the verdict.

[4] Then it is said that the allegations as to the scheme or plan to defraud are insufficient, vague, and indefinite; that there is no allegation of what the Emerson Motors Company's (Inc.) stock was worth at the time of its disposition to the alleged victims, or as to the price which it was the intention of the defendants to induce the victims to pay for such stock. And reliance is placed upon United States v. Schwarz (D. C.) 230 Fed. 537. In that case the indictment failed to allege the real value for the proposed selling price of the real estate to be sold. But the question in that case arose upon a demurrer, and there was an absence of any averments showing a real purpose to defraud purchasers out of their money.

[5] It is said, too, that count 13 does not charge the crime of conspiracy within the meaning of section 37 of the Criminal Code. It is said that all the overt acts pleaded in charge of the conspiracy except one hereafter referred to are ineffectual and must be disregarded because the date of each of them is subsequent to the date of the alleged scheme to defraud by the unlawful use of the mails. And it is argued that the alleged conspiracy and the alleged overt acts must antedate the date of the scheme to defraud; that it is a contradiction of terms to speak of an act done to effect the purpose of a conspiracy after the conspiracy has been accomplished.

At common law no overt act was necessary to constitute the crime of conspiracy. But under the federal statutes an overt act in pursuance of the conspiracy is a necessary element of any offense against the United States. United States v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211. The conspiracy, however, is still the gist of the offense. Dealy v. United States, 152 U. S.. 539, 14 Sup. Ct. 680, 38 L. Ed. 545. The overt act must be a subsequent independent act following the conspiracy and must be one committed to effect the object of the conspiracy. United States v. Richards (D. C.) 149 Fed. 443.

We concede that an overt act cannot succeed the completion of the crime contemplated. United States v. Ehrgott (C. C.) 182 Fed. 267; Ex parte Black, 147 Fed. 832, 840, affirmed United States v. Black, 160 Fed. 431, 87 C. C. A. 383. In the instant case, however, the conspiracy was a continuous one, and the overt acts under count 13, though committed after the conspiracy was formed, were not committed after it was completed. An overt act done after the conspiracy was formed and before it was terminated is sufficient. The count alleges a conspiracy to commit "offenses" against the United States. The execution of the scheme by the mailing of one letter would not terminate the conspiracy. The first letter alleged to have been placed in the mails was deposited on September 15, 1916, and the others are alleged to have been mailed on succeeding dates, the last being deposited on March 22, 1917. It is therefore unnecessary for us to consider whether the one overt act which counsel for defendants admits antedated the commission of the offense was sufficiently described.

Judgment affirmed.