Pearson
*v.*
Purkett.

</div>

## COMMONWEALTH *versus* BENJAMIN EATON.

In an indictment, containing but one count, founded on *St.* 1825, *c.* 184, § 1, which provides, that " if any person shall sell, or offer for sale, or shall advertise or cause to be advertised for sale," any lottery ticket or part of a lottery ticket, " he shall forfeit and pay to the use of the commonwealth, a sum not more than $100, for either of the offences aforesaid," it was alleged, that the defendant, on February 4, 1833, at Boston, " did unlawfully offer for sale, and did unlawfully sell " to J. G. one half of a lottery ticket. Upon demurrer on the ground of duplicity, the indictment was held to be sufficient ; for though offering to sell is an offence, yet offering to sell and actually selling are but one offence.

At the Municipal Court of the city of Boston, held on the first Monday of February 1833, an indictment was found, alleging that the defendant, on February 4, 1833, at Boston, " did unlawfully offer for sale and did unlawfully sell " to James Greely, one half of a lottery ticket in a lottery not authorized by the laws of the commonwealth, called the Connecticut lottery for the erection of a bridge at Enfield Falls, against the peace &c., and contrary to the form of the statute &c.

The case was continued to the succeeding March term of that court, when the defendant demurred to the indictment, assigning, as the cause of demurrer, that the indictment was double, there being but one count therein, and in that count an allegation against the defendant of two distinct offences, to wit, the unlawful offering for sale, and the unlawful selling, one half of a ticket in a lottery not authorized by the laws of the commonwealth.

The demurrer was overruled by the Municipal Court, and

the defendant was fined in the sum of $33·33, and costs From this judgment he appealed to this Court.

, The *St.* 1825, *c.* 184, § 1, provides that " if any person or persons shall sell, or offer for sale, or shall advertise, or cause to be advertised for sale, any lottery ticket or tickets, or part or parts of any lottery ticket or tickets, or shall draw any lottery not authorized by the laws of this commonwealth," &c., " he or they shall severally forfeit and pay to the use of the commonwealth, a sum not more than $100, for either of the offences aforesaid."

*April 5th.*　　*Ward,* for the defendant. This indictment, which is founded on *St.* 1825, *c.* 184, § 1, sets forth in one count two offences, distinct in their nature, for either of which an offender might be indicted and punished. This is contrary to the rule of law, that a defendant cannot be charged in one count with two distinct offences. Archbold's Cr. Pl. 63, 17 ; *Commonwealth v. Symonds,* 2 Mass. R. 163. The only exception to this rule, is in indictments for burglary. Archbold's Cr. Pl. 25. If there were different penalties attached to the two acts charged in this indictment and the defendant should be convicted, the Court could not determine which penalty should be inflicted ; for the jury might have been satisfied, that he was guilty of one offence and not of the other. This defect in the indictment cannot be remedied by striking out either charge as surplusage. *Commonwealth v. Atwood,* 11 Mass. R. 93 ; Stark. Cr. Pl. 249.

*Austin* (attorney-general) and *Parker* (county-attorney), *contrà,* cited 1 Hale's P. C. 560 ; *Rex v. Crowther,* 5 Carr. & Payne, 316 ; *Rex v. Holden,* 1 Russ. & Ryan, 154.

*April 7th.*　　WILDE J. delivered the opinion of the Court. The defendant is charged with unlawfully offering for sale, and actually selling one half of a lottery ticket, in violation of the statute in relation to lotteries. The defendant demurs to the indictment on the ground of duplicity.

It is true, that the general rule is, that the charge in an indictment must not be double. The defendant cannot be charged in one count with two distinct offences. And Archbold says, that the only exception to the rule is the charge of burglary, in which it is usual to charge the defendant with breaking and entering with an intent to commit a felony, and also with hav-

ing committed a felony. If this were so, and hitherto no other exception to the rule had been allowed, it would not follow, that no other exception is to be allowed. For if this case falls within the reason of the exception, as we think it does, it ought to be governed rather by the exception than by the general rule.

But the defendant is not charged with two distinct offences. On conviction he wi'l be only liable to one penalty. It is not like the case of *Commonwealth* v. *Symonds*, 2 Mass. R. 163 ; for in that case, two distinct offences were charged, for which distinct and different fines were provided.

It is true, that an offer to sell, without selling, a ticket, is an offence by the statute ; but an offer to sell and actually selling is but one offence. A sale, *ex vi termini*, includes an offer to sell. In *Rex* v. *Benfield*, 2 Burr. 980, the defendants were charged with singing and publishing divers scandalous, obscene and libellous songs ; and the court held there was but one offence charged, although the publishing of any one of the libellous songs would be an offence ; but several being published at the same time constituted but one offence. And they overruled the case of *Rex* v. *Clendon*, 2 Ld. Raym. 1572, in which it was decided, that a charge for a battery of two or more persons was double, and not allowable in a single count. And there are other cases, similar in principle to the present case, which fully support this indictment. In informations and indictments for libels, the defendant may be charged in one count, with writing, publishing and causing to be published, a libel. *Rex* v. *Horne*, Cowp. 672.

So, an assault and battery, committed at the same time, is considered but as one offence, and may be so charged, yet an assault, not followed by a battery, is an offence · but if so followed, the assault is merged in the battery. " Every battery," says Hawkins, " includes an assault ; therefore on an indictment of assault and battery, in which the assault is ill laid, if the defendant be found guilty of the battery, it is sufficient." 1 Hawk. P. C. c. 62, § 1. So, every sale includes an offer to sell, and in principle the cases cannot be distinguished.

*Indictment adjudged good*

<div style="text-align: right">Common-<br>wealth<br>*v.*<br>Eaton.</div>