STATE *vs.* JOHN WOLFARTH.

42　155
68　518

A prosecuting agent appointed under the provisions of the act concerning intoxicating liquors, (Gen. Statutes, p. 269, sec. 1,) has power to prosecute for offences committed before his appointment.

It is the duty of the prosecuting agent under the act to "inquire into and prosecute for all violations of the laws relating to the sale of intoxicating liquors." There was at that time no act entitled an act relating to the sale of intoxicating liquors, but one act entitled "an act in addition to an act for the due observance of the Sabbath" prohibited the keeping open on Sunday of any place in which it was reputed that intoxicating liquors were kept for sale, and another entitled "an act in addition to an act concerning crimes and punishments" prohibited the keeping of such a house at any time without a license. Held that the prosecuting agent had power to prosecute for violations of both those acts.

Where an offense is charged in a complaint to have been committed upon a day later than the date of the complaint, objection must be taken by a special demurrer, or by exception to evidence if evidence is offered of an offence committed after the filing of the complaint.

If the defendant goes through the trial without making the objection and a verdict is rendered against him, it will be presumed that proof was offered only of an offense committed on some day prior to the date of the complaint.

COMPLAINT by a prosecuting agent appointed under the act of 1874, which provides for the licensing of the sale of intoxicating liquors and forbids their sale without a license; brought to the City Court of the city of Norwich, and by appeal of the defendant to the Superior Court for New London County. In this court the defendant demurred to the com-

plaint, but the court (*Hitchcock, J.,*) overruled the demurrer. The case was then tried to the jury and the defendant found guilty. After the verdict he moved in arrest of judgment for the insufficiency of the complaint, which motion was over-ruled. He then brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*Lucas* and *Ripley*, for the plaintiff in error.

*Chadwick*, State's Attorney, and *Thresher*, for the State.

CARPENTER, J. The questions arising under the demurrer, and under the motion in arrest, are the same, and relate solely to the sufficiency of the complaint.

The first objection is, that the complaint is insufficient for the reason that it is not alleged that the offenses therein complained of were committed after the appointment of the prosecuting agent.

This objection cannot prevail. The statute of 1874 (Revision of 1875, p. 269, sec. 1,) expressly provides that prosecuting agents "shall have and exercise in any town in said county the powers of grandjurors of said town, or prosecuting officers of any city, &c." Grandjurors are authorized to prosecute for all offenses, whether committed before or after their appointment to office. It follows that prosecuting agents have the same power.

And we are not aware of any principle of the common law, that, in the absence of such a statute, would prohibit prosecuting officers from prosecuting for offenses committed before their appointment to office, and no reason for such a principle occurs to us.

The next objection is that there is a misjoinder of counts. This objection is based upon the claim that the prosecuting agent had no power to prosecute for the offense alleged in the first count. That count is for a violation of section first of chapter 32 of the acts of 1872, which prohibits the keeping open between 12 o'clock Saturday night and 12 o'clock Sunday night any room, place, building, &c., "in which it is re-

puted that spirituous or intoxicating liquors, ale or lager beer, are exposed for sale." The second count is for a violation of section ten of chapter 99 of the acts of the same year, which prohibits the keeping of a house, &c., " in which it is reputed that spirituous or intoxicating liquors, ale, or lager beer, are kept for sale," without a license, &c.

The duties of prosecuting agents are thus defined: " Whose duty it shall be diligently to inquire into all violations of the laws relating to the sale of spirituous or intoxicating liquors, ale or lager beer therein." Acts of 1874, chap. 115, sec. 8.

It will be observed that the act of 1872 first referred to, is entitled " an act in addition to an act for the due observance of the Sabbath or Lord's Day." The other act of the same year is entitled " an act in addition to an act concerning crimes and punishments." And there is no act entitled an act relating to the sale of spirituous or intoxicating liquors.

By a reference to the subject matter of the two acts of 1872, it will be seen that each of them relates literally to the sale of spirituous liquors. And although the object of the one differs somewhat from that of the other, yet we incline to the opinion that the prosecuting agent is authorized to prosecute violations of both acts, and that there is no misjoinder of counts.

Another objection is that the offense in the second count is alleged to have been committed on the 30th day of August, 1874, while the complaint was made and signed on the 26th day of the same month.

This objection is one of form and not of substance. The precise day is not material, but the offense may be proved to have been committed on any day within the statute of limitations. It is laid down, it is true, that the offense should not be alleged to have been committed on an impossible day, or on a future day. But we think the objection should be taken specifically, either before trial by special demurrer, or on the trial by exception to evidence if proof is offered of an offense committed after the filing of the complaint. If the party goes through with the trial without objection, and a verdict is rendered against him, it will be presumed that the prosecution

proved the offense to have been committed on some day prior to the date of the complaint. So far as we know this objection is taken for the first time in this court, and upon a general demurrer. We think it ought not to prevail.

A question is made in respect to the jurisdiction of the police court and of the Superior Court. This question is not raised by the demurrer; nor is it given as a reason for arresting the judgment; nor is it assigned for error in the motion. Besides, the demurrer admits the jurisdiction of the court. We have no occasion therefore to consider this question further.

There is no error in the judgment.

In this opinion the other judges concurred.