# THE STATE *vs.* MATTHEW RYAN.

First Judicial District, Hartford, January Term, 1897.  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, JS.

Chapter 331 of the Public Acts of 1895, which increases the punishment
for violations of the liquor law, does not apply to offenses committed
prior to the time the Act took effect, although the accused was not con-
victed until after it had taken effect.

The offense of selling spirituous and intoxicating liquors without a license,
and that of owning and keeping such liquors with intent to sell with-
out a license, are in law distinct offenses; and the mere fact that the
record shows that each of these offenses was charged in the informa-
tion as having been committed by the accused on the same day and in
the same town, does not justify the assumption that they were com-
mitted at the same time, or with reference to the same liquors.

Where an offense attempted to be charged is what is known as "a second
offense," the existence of a first offense must be alleged in some form,
otherwise the charge is fatally defective, not only on demurrer but
also upon motion in arrest of judgment.   But mere defects in the form
or manner of charging and describing the first offense, unless demurred
to, are cured by the verdict.

[Argued January 5th—decided February 23d, 1897.]

PROSECUTION for violations of the liquor law, brought to
the Superior Court in Windham County and tried to the
jury before *George W. Wheeler, J.;* verdict and judgment of
guilty, and appeal by the accused for alleged errors in the
rulings of the court.   *No error.*

The case is sufficiently stated in the opinion.

*William C. Case* and *Joseph L. Barbour*, for the appellant
(the accused).

The Act of 1895 abolished the penalties which existed at
the date of the commission of the defendant's offense, and in-
creased the punishment therefor; this Act was therefore
*ex post facto.   Calder* v. *Bull*, 3 Dall. (U. S.) 390; Cooley,
Const. Lim., 322; 3 Amer. & Eng. Ency. of Law, 737; 7 id.
527.   If § 3087 of the General Statutes has been repealed,
the defendant has committed no crime; if not, the saving
clause in § 1 of the General Statutes does not apply, and the

State *v.* Ryan.

Act of 1895 is *ex post facto* and unconstitutional. The fourth count does not describe the offense therein alleged to be the basis of a former conviction. It only alludes to it as " a *similar* offense charged in this count of the information." It does not meet the requirements of criminal pleading as to the allegations of second offenses, by specifying the details of the complaint, or of the judgment thereon. 2 Sw. Dig. 396; *State* v. *Costello,* 62 Conn. 130, and authorities there cited. The two offenses of which the defendant was convicted, and for which sentence was imposed, constituted but one offense. 1 Whar. Amer. Crim. Law, § 390; *State* v. *Burns,* 44 Conn. 149.

*Edgar M. Warner* and *John L. Hunter, State's Attorney,* for the appellee (the State).

The evidence objected to was properly admitted. Chapter 331 of the Public Acts of 1895 did not abolish the penalty for the offense committed by the defendant, and for which he is now prosecuted. *State* v. *Sanford et al.,* 67 Conn. 286. The first offense is sufficiently charged in the fourth count. *State* v. *Wentworth,* 65 Me. 270; *State* v. *Robinson,* 39 id. 150; *State* v. *Small,* 64 N. H. 491; 11 Amer. & Eng. Ency. of Law, 760; *Stevens* v. *People,* 1 Hill, 261; Archbold's Crim. Pr. & Pl. (Ed. 1877), p. 1165, and notes. The offenses charged were separate and distinct. *State* v. *Tehan,* 50 Conn. 92; *State* v. *Head,* 3 R. I. 135; *State* v. *Harris,* 64 Iowa, 287; *Griffin* v. *Atlanta,* 73 Ga. 679; Black on Intoxicating Liquors, p. 453; *State* v. *Lincoln,* 50 Vt. 644.

TORRANCE, J. In the court below the defendant was prosecuted for a violation of the laws relating to the sale of spirituous and intoxicating liquors. The information contained five counts, the first of which alleged a sale of such liquors by the defendant, without a license, at the town of Putman on the 9th day of July, 1895; and the fourth count charged, as a second offense, that on the same day and in the same town the defendant owned and kept such liquors with intent to sell them, without having a license therefor. The

VOL. LXVIII—33

defendant was found guilty on the first and fourth counts, and not guilty on the other counts.

After verdict and before judgment was rendered, the defendant filed a motion in arrest of judgment, upon certain grounds, the substance of which may be stated as follows : (1) Since the date of the offenses charged in the first and fourth counts, Chap. 331 of the Public Acts of 1895 has abolished the penalty which at the date of the commission of said offenses was provided for them, and has substituted in lieu thereof a penalty for said offenses, "enlarging the punishment therefor, and compelling the court to impose a more severe penalty than might have been imposed at the time of the commission" of said offenses. (2) The fourth count of the information "does not charge the commission of any first offense upon which a charge of a second offense can legally be based; and does not charge the commission of the second offense as any legal crime, with the certainty and precision required by law, so as to apprise the defendant of the precise offense of which he stood charged, or so as to enable him to prepare his defense, or so as to enable the court to render judgment upon said fourth count. (3) Both the offenses of which the accused was convicted are alleged to have been committed on the same day, and constituted but one offense—the offense of owning and keeping intoxicating liquors with intent to sell, as set forth in the fourth count, culminating and being merged in the sale of such liquors as set forth in the first count; and therefore if the court should pass judgment and impose sentence upon both counts, the defendant would be twice punished for one offense."

The court overruled said motion and sentenced the defendant to pay a fine of thirty dollars on the first count, and on the fourth count to pay a fine of fifty dollars and to be imprisoned in jail for thirty days. During the trial the defendant objected to the admission in evidence of certain exhibits offered by the State, but the court overruled the objections and admitted the evidence.

The errors assigned upon this appeal are, first, the admission of the exhibits in evidence, and second, the overruling of the motion in arrest.

The claimed errors relating to the admission of the exhibits in evidence, were not pressed before this court, and with respect to them it is perhaps enough to say that the rulings upon evidence complained of were right. With reference to the overruling of the motion in arrest, we are of opinion that it was properly overruled.

The first ground of arrest stated in the motion is not tenable. The offenses charged in the first and fourth counts of the information were committed prior to the time when chapter 331 of the Public Acts of 1895 went into effect, and when committed were punishable under § 3087 of the General Statutes. They remained punishable under that section, notwithstanding the fact that the conviction of the defendant occurred after the aforesaid Act of 1895 took effect; for that Act only affected offenses committed after it took effect, and did not affect the punishment for the offenses of which the defendant was convicted. *State* v. *Sanford*, 67 Conn. 286; General Statutes § 1.

The third ground of arrest is equally untenable. The offense of selling spirituous and intoxicating liquors without a license therefor, may of course include the previous owning and keeping them with intent to sell without a license; but the offenses are nevertheless distinct offenses. The offense of an illegal sale may be committed without a previous owning and keeping of the liquors sold with intent to sell them without a license therefor; *State* v. *Wadsworth*, 30 Conn. 55; and of course the latter offense may be committed without an actual illegal sale. The defendant's claim upon this point is based upon the assumption that the record shows that the charge of selling in the first count, and the charge of owning and keeping with intent to sell in the fourth count, are based upon one and the same transaction, namely the sale of certain liquors without a license, which liquors, prior to and up to the time of said sale, he had owned and kept with intent to sell without a license. If this assumption were well founded, the record would present a different question from the one we are here called upon to consider; but the assumption is not well founded and the claim based

upon it falls with it. It is true the information alleges that the offenses were committed on the same day and in the same town; but from this it by no means necessarily follows that they were committed at the same time, or that the act or acts which constituted the one formed any part of the act or acts which constituted the other. For aught that appears of record the one may have been committed at one time and with reference to certain liquors, and the other at an entirely different time and with reference to other liquors; and for aught that appears to the contrary this may have been the precise state of facts proved. This ground of arrest was properly overruled.

This leaves for consideration the second ground of arrest relating to the sufficiency of the fourth count of the information. That count alleges "that heretofore, to wit, on the 9th day of July, 1895, said Matthew Ryan, of said town of Putnam in said Windham County, with force and arms, without having a license therefor, did own and keep certain spirituous and intoxicating liquors, with intent to sell and exchange the same, against the peace and contrary to the form of the statute in such case made and provided; and that at a justice court holden in the town of Putnam, on the 12th day of March, A. D. 1895, before Charles H. Chesebro, Esq., Justice of the Peace for said county, a court having jurisdiction of said offense, said Matthew Ryan was convicted of a similar offense charged in this count of this information, and that the judgment of said conviction has never been annulled, reversed or set aside, and that in consequence thereof the offense herein charged in this count is a second offense by the said Matthew Ryan of owning and keeping spirituous and intoxicating liquors, with intent to sell the same, against the peace and contrary to the form of the statute in such case made and provided."

It may be conceded that this count is not drawn as a careful and skillful pleader would have drawn it; and it may well be that it would not have withstood the test of a demurrer had one been interposed; but the question here is whether this count is sufficient after verdict, upon a motion in arrest

of judgment. The defect alleged and relied upon in the motion is, in substance, that the first offense is not described with that degree of certainty which is required by the rules of pleading, and therefore the count as a whole is defective. Where, as in this fourth count, the offense attempted to be charged is what is known as a "second offense," the existence of a first offense is, of course, one of the essential elements of the charge, and must be alleged in some way, or the charge will be fatally defective, not only upon demurrer but also upon a motion in arrest of judgment. In the case at bar it is not claimed that the allegation of a first offense is entirely omitted, but only that it is not alleged with the certainty required by the rules of pleading; and this may be conceded. That the defendant committed a first offense at all is only charged indirectly and inferentially, and the description of that offense is somewhat ambiguous and uncertain ; but still the commission of a first offense is charged, and the nature of that offense is described, however imperfectly and defectively. It is a case where there is a defective statement of an offense, rather than a case where a defective offense—*i. e.*, no offense at all—is stated ; and the question is whether such a defective statement is cured by verdict. It is clear that in civil causes certain defects are cured by verdict; Gould's Pleading, Chap. 10, §§ 1–25 ; and the rules upon this matter are the same in criminal as in civil causes. *State* v. *Keena*, 63 Conn. 329 ; *Heymann* v. *The Queen*, L. R. 8 Q. B. 102 ; *State* v. *Freeman* (Vt.), 22 Atl. Rep. 621. One of the general rules upon this subject is that laid down by LORD MANSFIELD in *Rushton* v. *Aspinall*, Doug. 669, the substance of which is usually stated as follows : A verdict cures the statement of a title defectively set out, but not the statement of a defective title. The principle at the foundation of this rule is that, in support of a verdict, the court will presume any fact to have been proved upon the trial, the existence of which was involved in or was inferable from the proof of those facts which were alleged and which the verdict has found. Gould's Pleading, Chap. 10, § 20. "The rule is based upon the supposition that the facts

which are not specifically alleged are presumed to have been shown upon the trial, and therefore the defendant is not harmed, and should not be permitted, ' in the last stage of a cause to unravel the whole proceedings,' by an objection which might have been fatal if early interposed." TAFT, J., in *State* v. *Freeman, supra.* In *Heyman* v. *The Queen, supra,* the offense was complete, if the persons charged had agreed and conspired to remove certain goods "in contemplation of an adjudication (in bankruptcy) being obtained; " otherwise there was no offense. The indictment did not allege that the conspiracy was formed in contemplation of such an adjudication, but only that the defendant, " then being a trader and liable to become a bankrupt," conspired with others to remove the goods. After verdict it was held that the allegation that the conspiracy was formed in contemplation of an adjudication being obtained, though not expressly made, must be taken to have been proved to the jury, and that the defect was cured by the verdict. In *Newton* v. *Brown,* 49 Vt. 16, the general allegation of a conspiracy to cheat, swindle and defraud, by false and fraudulent representations, was held sufficient after verdict, as it would be presumed that particular acts constituting the conspiracy were proved on the trial. In *State* v. *Freeman, supra,* a complaint for profane swearing alleged that the defendant " did profanely curse," without setting forth the language used. Upon a motion in arrest it was held that the verdict cured the defect. In *State* v. *Wolfarth,* 42 Conn. 155, 157, the complaint was made and signed on the 26th of August, 1874, and the offense charged was alleged to have been committed on the 30th of August, 1874, and the court said : " It is laid down, it is true, that the offense should not be alleged to have been committed on an impossible day, or on a future day. But we think the objection should be taken specifically, either before trial by special demurrer, or on the trial by exception to evidence if proof is offered of an offense committed after the filing of the complaint. If the party goes through with the trial without objection, and a verdict is rendered against him, it will be presumed that the prosecution proved the offense to have

been committed on some day prior to the date of the complaint." In *Wall* v. *Toomey*, 52 Conn. 35, an action for malicious prosecution, wherein the fact that the vexatious suit had terminated—an essential fact—was not alleged, it was held that this defect was cured by verdict.

We are of opinion that the defects in the fourth count of the information, set forth in the motion in arrest, were cured by the verdict.

There is no error.

In this opinion the other judges concurred, except AN-DREWS, C. J., who dissented on the last point.