# UNITED STATES
*v.*
# ULISES A. MARTINEZ.

San Juan, Criminal, No. 1992.

Opinion filed April 16, 1923.

*Ira K. Wells, Esq.* United States Attorney.

*E. B. Wilcox, Esq.,* attorney for defendant.

ODLIN, Judge, delivered the following opinion:

On April 7th, 1923, shortly after a verdict of guilty upon

the third count of the indictment in the above-entitled case, the motion in arrest of judgment was filed by counsel for the defendant, based upon fourteen grounds. Those numbered from four to fourteen, inclusive, I do not propose to discuss because the matters therein set forth have already been passed upon by this court. But it is proper that I should give my reasons for denying the motion with respect to grounds one, two, and three.

The first ground is based upon the claim that the averments of the third count of the indictment as to the place where it was alleged the offense was committed are not made with the certainty required by law. At the outset I wish to say that it is extremely poor pleading to fail to set forth in the third count of the indictment that the offense was committed at the town of Caguas, in the Island of Porto Rico, when the town of Caguas is specifically mentioned in the first count and in the second count, with respect to which the jury found this defendant not guilty. Ordinarily, careful pleading would have required that the town of Caguas be repeated in the third count, and my inclination was to hold this ground good until I read the decision of the circuit court of appeals for the second circuit, in the case of Wilson v. United States, decided June 23d, 1921, reported in 275 Federal, page 307. This was a criminal prosecution for a serious offense. The principal defendant, Wilson, was sentenced to serve five years at the Atlanta penitentiary. A long and very interesting opinion is written by Mr. Circuit Judge Rogers, in which there concurred Circuit Judges Ward and Hough. The sole question presented in that case was as to the sufficiency of the indictment. On pages 310 and 311 of the opinion, it is distinctly set forth that there is no restriction in the Federal courts as to the right of a defendant in a

criminal case to demand a bill of particulars. And when the charges of an indictment are so general so they do not sufficiently advise the accused of the specific acts with which he is charged, the trial judge has power to order a bill of particulars to be furnished. Citing the case of Kirby v. United States, 174 U. S. 47, at page 64, 43 L. ed. 890, 897, 19 Sup. Ct. Rep. 574, 11 Am. Crim. Rep. 330; also the case of Rosen v. United States, 161 U. S. 29, at page 35, 40 L. ed. 606, 608, 16 Sup. Ct. Rep. 434, 480, 10 Am. Crim. Rep. 251; also the case of Coffin v. United States, 156 U. S. 432, at page 452, 39 L. ed. 481, 490, 15 Sup. Ct. Rep. 394. There is also cited the case of United States v. Bayaud, 21 Blatchf. 287, 16 Fed. 376, which holds that while such a bill of particulars, if demanded, cannot supply the omission of an essential averment of the indictment, it might remove an objection upon the ground of uncertainty. Judge Rogers goes on then to say as follows: "In this case the defendants went to trial without making any objection to the indictment. There was no motion to quash, no demurrer, no application for a bill of particulars. As they went to trial without any objection, now that they have been convicted they cannot come into this court to raise objections which must have been met at the trial. If the defects existed, and we do not think they did, they are defects which under the rule were cured by the verdict. It is the rule in criminal, as it is in civil, cases, that where an averment necessary to support a particular part of an indictment has been imperfectly stated, the defect is cured by the verdict if it appears to the court that unless the averment were true the verdict could not be sustained. Heymann v. Reg. L. R. 8 Q. B. 102, 12 Cox, C. C. 383, 28 L. T. N. S. 162, 21 Week. Rep. 357, 8 Eng. Rul. Cas. 126; Reg. v.

Strougler, L. R. 17 Q. B. Div. 327, 16 Cox, C. C. 85, 55 L. J. Mag. Cas. N. S. 137, 55 L. T. N. S. 122, 34 Week. Rep. 719, 51 J. P. 278; State v. Ryan, 68 Conn. 512, 37 Atl. 377; State v. Freeman, 63 Vt. 496, 22 Atl. 621. The matters said to be indefinitely set forth could not have been proved as alleged unless the government produced all the evidence necessary to support the most careful pleadings."

It seems to me that the present case is very much like the case of Wilson. Martinez, the present defendant, went to trial without making any objection to the indictment; he presented no motion to quash; he presented no demurrer; he presented no application for a bill of particulars. Therefore, since he has been convicted, he should not come into this court now and raise objections which must have been met at the trial. The defect upon which he now insists is in my opinion clearly cured by the verdict.

Coming to the second ground of the motion in arrest of judgment, it is claimed that the averments of the third count of this indictment as to the time of the commission of the offense are not made with the certainty required by law. The third count alleges that the offense was committed on the 15th day of August, in the year 1921. It is claimed that there should have been added the words after year, "of our Lord," or the letters, "A. D.", and that 1921 in figures should have been repeated so as to read "one thousand, nine hundred and twenty-one," in words. It is true that there are some decisions of certain very technical state courts which have reversed convictions because the time of the alleged offense was not set forth in the manner now urged by counsel for the defendant. These decisions, however, do not impress me, and I do not feel at liberty to grant

the motion on this second ground until I am cited to some decisions in some Federal courts in support of the claim now presented, particularly after a verdict of guilty as a result of a trial which was not preceded by any motion to quash or any demurrer to the indictment or any demand for a bill of particulars. In other words, the doctrine announced by Judge Rogers, which I have cited at length, with reference to the first count of the present motion, seems to me to require a denial of the motion upon the second ground.

The third ground in support of the present motion is that it appears from the date upon the back of the indictment that it was filed "Feb. 3d, A. D. 1912," and because the year 1912 was eight years before the National Prohibition Law went into effect. It is conceded that the journal entry of this court shows that the indictment was brought into open court and filed in open court on February 3d, 1922. I am convinced that the journal entry cures the error appearing on the back of the indictment; but it is proper to state, in justice to the clerk of this court how the error occurred. There were in the possession of the clerk of this court various blank forms of indictments upon which there were printed in type the following: "A True Bill . . . . . . . . . . . Foreman . . . . . . . . . . Filed . . . . . . . A. D. 191. . . Clerk." The very excellent clerk of this court, Mr. Antonio Aguayo, was, unfortunately, affected with a very serious trouble in connection with his eyes, for which he is now being treated in the city of Philadelphia. He added the figure "2" with his pen after the printed 191. ., not noticing that the indictment was one of the old ones instead of the new ones, where the printed letters are 192. . . I am clearly of the opinion that this excusable failure on the part of the clerk of this

court to change the 191.. to 192.., not having been called to the attention of this court until after a verdict of guilty, can-not be utilized now in support of a motion in arrest of judgment.

Shortly after the court began the consideration of this motion and after the close of the oral argument presented by the ingenious and able counsel for Ulises A. Martinez, the latter called my attention to two decisions of the Supreme Court of the United States which he claims require me to grant this motion. He argues that these two decisions are in conflict with the decision set forth by the New York circuit court of appeals in the case of Wilson v. United States, above cited, and of course, if his claim be correct, I would be bound to grant the motion because a decision of the Supreme Court of the United States is more binding upon me than a decision of a circuit court of appeals. The first of these decisions now cited by counsel for Ulises A. Martinez is that of Ledbetter v. United States, reported in 170 U. S. page 606, 42 L. ed. 1162, 18 Sup. Ct. Rep. 774. The examination of this decision shows it is in perfect harmony with the doctrine of the circuit court of appeals of the second circuit in the Wilson Case, and that I would be obliged to deny the present motion of judgment on the Ledbetter Case alone. This man Ledbetter was convicted upon an indictment found against him on April 28th, 1896, for violating the statute then in force, which required a retail dealer in liquors to pay a special tax. This indictment recited that the offense was committed on the ..... day of April, 1896, and that it was committed in a certain county in the southern district of the state of Iowa, but failed to state the town. Ledbetter was found guilty and fined $250 and costs and then

moved that the judgment be arrested because the indictment was insufficient. The trial judge denied this motion, thereupon Ledbetter carried the case, by a writ of error, to the United States Supreme Court. One of the grounds of alleged error was that Ledbetter had not been informed with sufficient particulars as to the time and place and means, so as to apprise him as to the offense with which he was charged, and he stated further that the indictment failed to allege that any offense had been committed at a date prior to the finding of the indictment. Mr. Justice Brown, speaking for the Supreme Court of the United States, begins his opinion on page 608 by stating that Ledbetter did not demur to the indictment, or move to quash it, or take advantage of its alleged insufficiency on the trial, but waited until after he was convicted and then filed his motion in arrest of judgment upon the ground that the indictment failed to set forth with sufficient particularity the details of the offense and the time and place of its commission. I doubt if any case in the books could be found more like the present case, more like the matter now before me, than this Ledbetter decision. On pages 612 and 613, Justice Brown says that good pleading undoubtedly would require that the offense was committed on a particular day instead of a blank day of a certain month, but, inasmuch as the indictment was found on April 28th and the allegation against Ledbetter was that the crime was committed on the blank day of April, 1896, it must have necessarily been a day preceding the finding of the indictment. In the present Martinez Case, the third count expressly says that the offense was committed on the 15th day of August, 1921. The allegation is more definite than was the allegation in the Ledbetter Case. Justice Brown then goes on to say that

properly speaking the indictment ought to have stated not only the county, but the township, city, or other municipality in which the crime is alleged to have been committed, but that the authorities in this particular are much less rigid than formerly. And this Ledbetter Case was decided in 1898, the very same year that the American flag was first flown to the breezes over the Island of Porto Rico. He distinctly says that while it is usual to state the town, as well as the county, it has not been generally deemed necessary to do so, and most of the authorities assume that an allegation is sufficient after verdict which shows it to have been done within the jurisdiction of the court. Then he adds, "We do not wish to be understood as approving the practice that was pursued in this case, or even holding that this indictment might not have been open to special demurrer for insufficiency as to the allegations of time and place, but upon motion in arrest of judgment we think it is sufficient." And then he adds that the judgment of the district court should be affirmed.

The other case relied upon by counsel for Ulises A. Martinez, since the oral argument, is that of New York C. & H. R. R. Co. v. United States, reported in 212 U. S. 481, 53 L. ed. 624, 29 Sup. Ct. Rep. 309. The opinion in this case was rendered by Mr. Justice Day, and was a writ of error taken by the railroad company to the United States Supreme Court, after a conviction upon an indictment for the unlawful payment of rebates to the American Sugar Refining Company and others, upon shipments of sugar from the city of New York to Detroit, Michigan. The railroad corporation was fined $108,000. One of the grounds upon which the railroad company carried the case to the United States Supreme Court was

that the indictment did not specifically state the elements of the offense charged with sufficient particularity to advise the defendant fully thereof, and so as to be pleaded in bar of any subsequent prosecution for the same offense, citing § 1025 of the Revised Statutes, Comp. Stat. § 1691, 2 Fed. Stat. Anno. 2d ed. p. 681, which provides that no judgment upon an indictment shall be affected by reason of any defect or imperfection in the matter of form which shall not tend to the prejudice of the defendant. I do not deem it necessary to recite at length the decision of Mr. Justice Day in this case in 212 U. S. except to observe that the very large fine imposed by the trial court on the railroad company was affirmed.

My study of this case in connection with my study of the Wilson Case, coupled with the very apt and pertinent observations of Mr. Circuit Judge Rogers in the Wilson Case, convince me beyond any possible doubt in my mind, that it is my duty to deny this motion in arrest of judgment, and it is so ordered.

To this ruling counsel for Ulises A. Martinez excepts.

It is ordered that the marshal of this court bring Ulises A. Martinez before this court on Thursday, April 19th 1923, at 2:00 P. M. for sentence.