UNITED STATES, Plff.,

*v.*

ULISES OLIVIERI RIVERA, Dft.

San Juan, Criminal, No. 3117.

Opinion filed May 21, 1923.

*Mr. Ira K. Wells,* United States District Attorney, for the United States.

*Mr. Angel Arroyo Rivera* for defendant.

ODLIN, Judge, delivered the following opinion:

In this case shortly after the verdict of guilty, that is to say, on April 24, 1923, there was filed in the office of the clerk by the attorney for the defendant a motion in arrest of judgment based upon three grounds.

First, it is claimed that the indictment is duplicitous.

Second, it is claimed that the indictment fails to state facts sufficient to constitute either abstraction or embezzlement of

funds belonging to a national bank, because the counsel for the defendant claims that conversion of the moneys of a national bank, either by this defendant, or by the employee of said bank who had been previously convicted and whose name is Edwin Lavergne, such conversion being for his own use and benefit, was not set up specifically by the indictment in this case, and that conversion is a necessary element in a criminal indictment under § 5209 of the Revised Statutes of the United States, Comp. Stat. § 9772, 6 Fed. Stat. Anno. 2d ed. p. 770. It is further alleged in the second paragraph of this motion that even if such conversion had been alleged in this indictment, then the indictment would have shown an offense of misapplication, but would not have shown an offense of embezzlement or abstraction; and hence it is claimed that the indictment is demurrable on account of an alleged failure to charge a violation of said § 5209.

The third and last ground of the motion is that the indictment shows that the sum of $6,525 was taken out of the funds of the bank on November 16, 1922, while the evidence taken as a whole tends to show that the said amount of money was taken out about three months before that date, and therefore it is claimed that there is a fatal variance between the indictment and the evidence, and therefore there arose surprise and lack of opportunity to defend properly the accused because the court admitted such evidence over the objection of the accused and the defendant excepted thereto.

The motion concludes with a prayer that the court arrest the judgment, set aside the verdict, and order an acquittal of the defendant non obstante veredicto, and it also prays in the alternative for any other remedy pursuant to law.

This motion has been argued at length by counsel for the defendant, and also by the United States district attorney, not only orally but the court has been favored with written briefs very carefully prepared. I am of the opinion that this motion must be denied. I base my denial of this motion largely upon a decision rendered by the circuit court of appeals for the second circuit in the case of Wilson v. United States, decided June 23, 1921, reported in 275 Fed. page 307. There will be found a long and very interesting opinion written by Mr. Circuit Judge Rogers in which there concurred Circuit Judges Ward and Hough. The sole question presented in that case was as to sufficiency of the indictment. There will be found in the opinion of Judge Rogers the following language: "In this case the defendants went to trial without making any objection to the indictment. There was no motion to quash, no demurrer, no application for a bill of particulars. As they went to trial without any objection, now that they have been convicted they cannot come into this court to raise objections which must have been met at the trial. If the defects existed, and we do not think they did, they are defects which under the rule were cured by the verdict. It is the rule in criminal, as it is in civil, cases, that where an averment necessary to support a particular part of an indictment has been imperfectly stated, the defect is cured by the verdict if it appears to the court that unless the averment were true the verdict could not be sustained. Heymann v. Reg. L. R. 8 Q. B. 102, 12 Cox, C. C. 383, 28 L. T. N. S. 162, 21 Week. Rep. 357, 8 Eng. Rul. Cas. 126; Reg. v. Strougler, L. R. 17 Q. B. Div. 327, 16 Cox, C. C. 85, 55 L. J. Mag. Cas. N. S. 137, 55 L. T. N. S. 122, 34 Week. Rep. 719, 51 J. P. 278; State v. Ryan, 68 Conn. 512, 37 Atl. 377; State v.

Freeman, 63 Vt. 496, 22 Atl. 621. The matters said to be indefinitely set forth could not have been proved as alleged unless the government produced all the evidence necessary to support the most careful pleadings."

It seems to me that the present case is very much like the case of Wilson. Ulises Olivieri Rivera, the present defendant, went to trial without making any objection to the indictment; he presented no motion to quash; he presented no demurrer; he presented no application for a bill of particulars. Therefore, since he has been convicted he should not now come into court and raise objections which must have been met at the trial. The defects upon which he now insists are, in my opinion, clearly cured by the verdict.

Therefore it seems clear to me that I must deny this motion, and it is ordered that the said defendant be brought before this court by the marshal of this court for sentence on Thursday, May 24, 1923, at 9 A. M. And it is further ordered that a copy of this opinion be sent forthwith by the clerk to the attorney for said defendant.

To this order and opinion the said defendant excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 21st day of May, 1923.