The State *v.* Miglin.

THE STATE OF CONNECTICUT *vs.* GEORGE MIGLIN.

Third Judicial District, Bridgeport, April Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

Section 10, Chapter 291, Public Acts of 1921 (commonly known as the liquor law), prescribes increased penalties for those who are guilty of a "second offense." *Held* that one who has previously been convicted of violating any provision of that law becomes a second offender upon the violation of the same *or any other provision* thereof, since the obvious purpose of the statute would be largely unattained if one could violate all of the provisions singly and in succession, and retain upon each conviction the status of a first offender.

An information alleging that the accused "did unlawfully sell and offer for sale" whiskey was not bad for duplicity on the ground that, under the liquor law, selling and offering for sale are separate and distinct offenses, for a sale, *ex vi termini*, includes an offer to sell and therefore the allegation was at most an untechnical statement of the offense of selling which was cured by the verdict in the absence of an objection by the accused at the trial.

In the present case, the accused was charged on seven counts, with keeping whiskey and gin with intent to sell, at two different places and on five different dates. On the trial he made no claim that there was a merger or identity of offenses. *Held* that he was properly sentenced on each count, since the trial court could not assume that the same liquor was named in all the counts, and since

it is obvious that separate and distinct offenses against the liquor law may be committed by the same person at different places on the same day or at different times on the same day at the same place.

The extent of a penalty within the maximum limit fixed by statute is within the sound discretion of the trial court.

Argued April 8th—decided June 2d, 1924.

INFORMATION for keeping spirituous and intoxicating liquors with intent to sell and exchange the same in violation of Chapter 291 of the Public Acts of 1921, brought to the Superior Court in New Haven County where the accused pleaded guilty to fifteen counts. The accused also pleaded guilty to a supplemental information which charged him with having been previously convicted of unlawfully selling and offering for sale liquors in violation of the same Act. From the judgment and sentence of the court (*Jennings, J.*) thereon, the accused appealed. *No error.*

*Franklin Coeller*, for the appellant (the accused).

*Walter M. Pickett*, Assistant State's Attorney, for the appellee (the State).

HAINES, J. Of the twenty-four grounds of appeal, eight were not pressed, and the remaining sixteen may be grouped under four heads, viz., that the court erred (1) in its interpretation of the Act of 1921, Chapter 291, § 10, relating to second offenses; (2) in holding the defendant to be a second offender under the information as drawn; (3) in holding that the information charged separate and distinct offenses and in imposing sentences accordingly, rather than treating it as charging one continuing offense only; and (4) in imposing maximum sentences on two counts.

The reasons of appeal grouped under the first head

are, in effect, that the Act of 1921, Chapter 291, § 10, is void for uncertainty, and that it was error for the court to give it the effect of making the defendant a second offender under each count in the present information and in imposing sentences accordingly.

The defendant fails to point out, either in his brief or argument, wherein this section is "too vague and uncertain for a penal enactment and that the statute was void for uncertainty," as claimed in the 24th reason of appeal.

An examination of the language of that enactment discloses a clearly expressed intent to create a status, and give the court a right to increase the penalty of one who violates the Act more than once. *State* v. *Reilly,* 94 Conn. 698, 701, 705, 706, 110 Atl. 550. It is immaterial what particular portion of the Act was violated, i. e., whether selling or owning or keeping with intent to sell. The obvious purpose of the Act can only be effected by such construction. Under the construction contended for by the defendant, one could violate all these provisions singly and in succession, and retain upon each conviction, the status of a first offender, and the end sought by the statute would be largely unattained. It follows that when this defendant entered a plea of guilty under the present information, and admitted that he had been convicted of a prior violation of the law, he became a second offender, by whatever means he violated it, whether by keeping with intent to sell, by selling, offering for sale, or otherwise. Under each count of the present information to which he pleaded guilty, his status was that of a second offender, and he was properly so treated by the court.

The defendant further contends that he should not have been treated as a second offender by reason of his plea of guilty to the supplemental information be-

cause the charge in the first information there recited, was bad for duplicity. The charge was that the defendant "did unlawfully sell and offer for sale spirituous and intoxicating liquors, to wit, whiskey. . . . ." It is true that selling and offering for sale are, under the statute, separate and distinct offenses, and when properly so charged, each carries a penalty. *State* v. *Ryan*, 68 Conn. 512, 515, 37 Atl. 377. But while an offer to sell, without selling, is an offense in itself, it cannot be said that a sale could be made without an offer to sell. A sale, *ex vi termini*, includes an offer to sell. The information is therefore not bad for duplicity, but may be treated as charging the offense of selling only. *Commonwealth* v. *Eaton*, 32 Mass. (15 Pick.) 273, 275.

In any event, the claim now made by the defendant should have been made at the time of his trial, by demurrer or motion or otherwise. At most, the allegation in that information was an untechnical statement of the offense of selling, and it was cured by the verdict. *State* v. *Ryan*, 68 Conn. 512, 517, 37 Atl. 377; *State* v. *Miller*, 24 Conn. 522; *Commonwealth* v. *Holmes*, 119 Mass. 195, 198; *Commonwealth* v. *Tuck*, 37 Mass. (20 Pick.) 356, 361.

The defendant urges that the counts upon which he was sentenced in the instant case, charge only one offense,—that of "owning and keeping with intent to sell and exchange," and should not have been treated by the court as separate and distinct offenses subjecting the defendant to a penalty for each. The defendant was sentenced on seven counts, and all are charges of keeping with intent to sell,—the 3d, 6th and 12th, whiskey, and the 9th, 15th, 18th and 21st, gin. The 3d, 6th and 9th lay the possession at #8 Maple Street, and the 12th, 15th, 18th and 21st at #34 Liberty Street, both in Ansonia. The date is

The State *v.* Miglin.

July 14th in the 6th and 12th, while the date is July 16th in the 9th and 15th counts, July 13th in the 3d, July 18th in the 21st, and July 17th in the 18th count.

Here are two kinds of intoxicating liquors, two different places and five different dates. These allegations cannot be construed as charging only a single continuing offense. They are charged as separate and distinct offenses. It would be pure assumption to read into it that the whiskey was the same whiskey, and the gin the same gin, in each of the counts which name those liquors. Violations of the law at different places may obviously be committed the same day by the same person and constitute separate and distinct offenses. So at different times on the same day, at the same place and by the same person, these offenses could be committed separately. *State* v. *Ryan,* 68 Conn. 512, 515, 37 Atl. 377.

The offenses are charged in this information as separate and distinct and the defendant pleaded guilty to each of them as such. If he relied upon the identity of the conditions of one with another to create a merger or identity of offenses, it was for him to make that defense in the trial court at the time of his arraignment. Of course, if the offenses were thus separate and distinct, a penalty was properly imposed for each.

There is no merit in the contention made in the first reason of appeal, that the maximum penalty imposed under counts three and six, was without "sufficient legal reason." The penalty was fixed by the terms of the Act of 1921, Chapter 291, § 10, and the extent of the penalty within that limit was within the sound discretion of the court.

There is no error.

In this opinion the other judges concurred.