### UNITED STATES v. SCHWARZ et al.

(District Court, N. D. California, First Division. May 21, 1915.)

#### No. 5679.

POST OFFICE ⬤�longdash48(4)—FRAUDULENT USE OF MAILS—SUFFICIENCY OF INDICTMENT.

An indictment for using the mails in furtherance of a scheme to defraud alleged that the scheme consisted of inducing persons to buy lots by false representations concerning the locality in which the lots were situated, and by falsely representing that the lots were worth from $150 to $200, and that a number of lots were to be given away to leading members of various communities; the only expense to them being the sum of $19.50 to cover the cost of a deed. It did not allege that the lots were valueless, and neither the real value nor the proposed selling price was stated. *Held*, that the indictment was insufficient, as failing to show a real purpose to defraud purchasers out of their money, as a purchaser of a lot worth more than he pays for it is not defrauded, though it is worth less than its represented value.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. ⬤�longdash48(4).]

W. E. Schwarz and another were indicted for using the mails in furtherance of a scheme to defraud. On demurrer to the indictment. Demurrer sustained.

John W. Preston, U. S. Atty., of San Francisco, Cal.

Nathan C. Coghlan, Edwin V. McKenzie, and Elliott M. Epsteen, all of San Francisco, Cal., for defendant.

DOOLING, District Judge. Defendants have been indicted on the charge of using the mails in furtherance of a scheme to defraud. The scheme set out is that defendants should, for the purpose of inducing certain persons to buy Tobin Park real estate and pay defendants therefor, falsely represent, publish, advertise, and declare that Tobin Park property is town property; that Tobin Park is immediately adjacent to San Francisco, and only a 25-minute trip from the civic center thereof; that the lots in Tobin Park are worth from $150 to $200 apiece; that there are streets, curbs, sidewalks, houses, and other improvements on said property; that Tobin Park is a seaside suburb, and has the finest and safest bathing beach on the Pacific Coast; and that, in order to have the property widely known, a num-

ber of lots are to be given to leading members of various communities throughout the state of California—the only expense to the recipients of said lots being the sum of $19.50, which sum is to cover the cost of making the deed to same.

It is alleged that all of these representations were false and fraudulent, and known to defendants to be such. It is further alleged that certain letters, set out in the indictment, were sent through the United States mails in furtherance of the scheme. But it is nowhere averred that the lots in Tobin Park are valueless, nor is the price set out at which it was proposed to sell such lots, nor is the real value of such lots anywhere mentioned, so that, so far as appears from the indictment, the lots which defendants attempted to sell by means of the representations above set forth may have been, despite the falsity of such representations, of much greater value than the defendants endeavored by means of such representations to sell them for, in which case the purchasers would surely not be defrauded out of what they paid for them.

It is immaterial that a purchaser may not get a lot worth $150 for $19.50, although expecting to do so. If he does get a lot worth much more than $19.50 for that sum, he cannot be said to have been defrauded, and there is nothing in the indictment to negative this possibility. In the absence of any averments showing a real purpose to defraud purchasers out of their money, the indictment is insufficient.

The demurrer is therefore sustained.