## UNITED STATES v. HERSEY et al.

(District Court, D. Massachusetts. April 11, 1923.)

No. 3607.

Post office ☞48(4)—Indictment for using mails to defraud need not aver actual damage; "scheme to defraud."

A scheme to induce persons to buy stock of a corporation by false and fraudulent representations is a "scheme to defraud," within the meaning of Criminal Code, § 215 (Comp. St. § 10385), and an indictment for using the mails for the purpose of executing such scheme need not aver that the stock sold was not worth the price paid for it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Scheme.]

Criminal prosecution by the United States against F. C. Hersey and others. On demurrer to indictment. Overruled.

Essex Abbott, of Boston, Mass., for the United States.
S. A. Gilbert Cox, of Boston, Mass., for defendant Bernard.
Chas. H. Innes, of Boston, Mass., for defendant Gilcreast.
Robert G. Dodge, of Boston, Mass., for defendants Ball, Cadwell, Flint, Gudebrod, Blaisdell, and Inman.
Henry V. Cunningham, of Boston, Mass., for defendant Clements.

MORTON, District Judge. This is an indictment for using the mails in a scheme to defraud. The defendants have demurred upon the ground that no offense is charged. The indictment alleges in substance that the defendants engaged in a scheme to defraud persons by selling to them stock in the Petroleum Corporation of America by means of certain false and fraudulent statements and representations concerning said corporation which are set out in the indictment. There is no allegation that the stock sold was in fact worth less than the price received for it. It is upon this ground principally that the demurrer is based.

The contention of the defendants is that, although fraudulent misrepresentations were made by them about the stock, it may nevertheless have been worth as much as was paid for it, and that, if so, the purchasers were not defrauded. This view finds support in Miller v. U. S., 174 Fed. 35, 98 C. C. A. 21 (C. C. A. 7th), and U. S. v. Schwarz, 230 Fed. 537 (D. C. Cal.)

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The contention of the government is that there was a scheme to defraud, within the meaning of the statute, if the defendants intended to effect sales of stock by fraudulent misrepresentations concerning it, regardless of whether the stock was intrinsically worth the price actually received for it.  In other words, the defendants contend that a person is not defrauded by a transaction in which he has not lost anything, while the government contends that a scheme to procure sales of stock by fraudulent misrepresentations is a scheme to defraud, regardless of whether the purchaser lost by the transaction. The government's contention is fully supported by Wilson v. U. S., 190 Fed. 427, 111 C. C. A. 231, in which the court said:

"But whatever may be the rule in civil cases, we are satisfied that damage is not made an essential element of the federal statutory offense of using the mails to execute a scheme or artifice to defraud.  We are of the opinion that a scheme or artifice is established by proof of false and fraudulent misrepresentations by which a person's right to open and fair dealing is invaded; that, having shown that the defendants used false and fraudulent means to induce persons to part with their property and to purchase stock which was not of the value represented, the government was not required to go further and prove either the existence or extent of damage to the purchasers." Noyes, J., 190 Fed. 433, 434, 111 C. C. A. 237. 238.

Miller v. U. S., supra, is expressly disapproved.

In U. S. v. New South Farm Co., 241 U. S. 64, 36 Sup. Ct. 505, 60 L. Ed. 890, Ann. Cas. 1917C, 455, the defendants raised the same point, viz. that there was no allegation that the land misrepresented was not worth the price paid for it.  It was held, nevertheless, that the indictment was sufficient, "and when the pretenses or representations or promises which execute the deception and fraud are false they become the scheme or artifice which the statute denounces." McKenna, J., 241 U. S. 71, 36 Sup. Ct. 508, 60 L. Ed. 890, Ann. Cas. 1917C, 455.

There may be, as is pointed out in the Wilson Case, supra, a distinction between a civil action for fraud—possibly a criminal prosecution for fraud—and the crime created by the statute here in question. A scheme which contemplates and involves the use of material false and fraudulent representations in the sale of property is essentially fraudulent.  The use of the mails in carrying out such a scheme is made criminal by section 215 of the Criminal Code (Comp. St. § 10385).

Demurrers overruled.